IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GWENDOLYN MEHARG,**

           Plaintiff,

v.                                                                    Civil Action No. 4:22-cv-51

**YORK OPERATIONS, LLC**
d/b/a Harmony on the Peninsula,

           Defendant.

*MEMORANDUM OPINION AND ORDER*

      Before the Court is the Partial Motion to Dismiss ("Motion") filed by York Operations, LLC doing business as Harmony on the Peninsula ("Defendant" or "Harmony"). Def. Mot. Dismiss, ECF No. 7 ("Mot. Dismiss"). Defendant moves to partially dismiss Gwendolyn Meharg's ("Plaintiff") Complaint pursuant to Federal Rules of Civil 12(b)(6). *Id.*; Def. Mem. Supp. Mot. Dismiss, ECF No. 8 ("Def. Mem. Supp."). Having reviewed the parties' filings in this case, the Court finds that this matter is now ripe for judicial determination. *See* Def. Mem. Supp.; Pl. Mem. in Opp'n to Def. Mot. Dismiss, ECF No. 12 ("Pl. Mem. Opp'n"); Def. Reply to Pl. Mem. Opp'n, ECF No. 13 ("Def. Reply"). Upon review, the Court finds that a hearing on this Motion is not necessary. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's 12(b)(6) Motion is **GRANTED in part and MOOT in part**.

1

## I. FACTUAL AND RELEVANT PROCEDURAL HISTORY

On April 29, 2022, Plaintiff filed a Complaint against Defendant alleging violations of the Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, ("FLSA") and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"). Compl., ECF No. 1. Relevant to Defendant's Motion to Dismiss and stated in the light most favorable to Plaintiff, the following facts are drawn from the Complaint and attachments thereto. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff, at all times relevant to the Complaint, was an individual and resident of Yorktown, Virginia, and an employee of Defendant. Compl. at ¶¶ 3-4, 7. Defendant operates nursing homes and assisted living facilities with its principal office located in Roanoke, Virginia. *Id.* at ¶¶ 8, 10. Plaintiff began working for Defendant on September 29, 2019 at a rate of $13.00 per hour. *Id.* at ¶ 4. In April 2020, Plaintiff began a job in the sales and marketing office of Defendant at a rate of $18.00 per hour. *Id.* at ¶ 5. In October 2020, Plaintiff received the title of Director of Sales and Marketing at Defendant, working at a rate of $24.00 per hour. *Id.* at ¶ 6.

Plaintiff alleges Defendant did not permit Plaintiff to exercise discretion or independent judgment regarding matters of significance. *Id.* at ¶ 17. Plaintiff did not have the authority to commit Defendant to any matters with a significant financial impact, and she did not attempt to obligate the Defendant financially. *Id.* at ¶ 18. Plaintiff did not engage with management or the general business operations of Defendant. *Id.* at ¶ 20.

Plaintiff's alleged workload included meeting with prospective residents, first through e-mails and calls, and then in person. *Id.* at ¶ 21. Plaintiff followed a set script provided by Defendant when she met with prospective residents and their families. *Id.* at ¶ 34. Plaintiff conducted tours of the premises for prospective residents and reported any needs for unoccupied apartments. *Id.* at ¶ 22. Further, Plaintiff met with people through referrals. *Id.* at ¶ 38. During these meetings,

Plaintiff used the same presentation. *Id.* at ¶ 39. Plaintiff could not customize the presentation. *Id.* at ¶ 46. If prospective residents or their families had questions, Plaintiff referred them to the appropriate contact at the facility. *Id.* at ¶ 40. Defendant prohibited Plaintiff from responding to questions from prospective residents regarding questions about diets, level of care, and activities. *Id.* at ¶¶ 41-43. For routine questions, Plaintiff discussed responses with her supervisor and other Directors in advance. *Id.* at ¶ 47.

Plaintiff's superiors provided her with the cost of an apartment and the Director of Nursing provided Plaintiff with the cost of care. *Id.* at ¶ 44. Plaintiff did not assess the level of care a resident would receive or assign activities for a resident. *Id.* at ¶ 45. Plaintiff was not able to negotiate the apartment rent. *Id.* at ¶ 25. She was directed to quote a monthly rent $250.00 more than the rent that was sought by Defendant. *Id.* Discounts more than $250.00 needed the approval of her superiors. *Id.* at ¶ 26.

Plaintiff worked Monday through Friday from 8:00am to 7:00pm each day. *Id.* at ¶ 23. Plaintiff took after hours calls from referrals and worked a minimum of six hours on Saturday and Sunday. *Id.* at ¶ 24. The directors that Plaintiff regularly worked with knew that Plaintiff worked late and on the weekends. *Id.* at ¶ 27. Plaintiff periodically complained to her supervisors including the Executive Director regarding her long hours and low pay. *Id.* at ¶ 49.

Defendant failed to keep accurate records of the hours worked by Plaintiff. *Id.* at ¶ 50. Defendant was required to pay Plaintiff a rate of not less than one- and one-half times her regular rate after 40 hours of work in a week *Id.* at ¶ 51. From April 26, 2020, through October 10, 2020, Plaintiff's hourly rate was $18.00 yielding an overtime rate of $27.00 an hour. *Id.* at ¶ 29. During that period of time Plaintiff worked at least 20 hours of weekly overtime. *Id.* at ¶ 30.

Effective October 11, 2020, Defendant increased Plaintiff's pay to $24.00 per hour which yields an overtime rate of $36.00 per hour. *Id.* at ¶ 31. During that period Plaintiff worked at least 20 hours of weekly overtime for 72 weeks. *Id.* at ¶ 32. Therefore, Plaintiff alleges her total FLSA claim to be between $64,800.00 and $129,600.00. *Id.* at ¶ 33.

Defendant had an obligation under both FLSA and VOWA to make proper inquiry into their FLSA and VOWA obligations. *Id.* at ¶ 52. Defendant reviewed written materials, and participated in continuing education that informed the Defendant about its responsibilities under the FLSA. *Id.* at ¶ 53.

Plaintiff filed the instant action in the Eastern District of Virginia on April 29, 2022. Compl. Plaintiff asserts 2 total claims. *Id.*

Specifically, Plaintiff asserts the two following claims against Defendant:

> Claim 1. Defendant's Failure to Pay Plaintiff Overtime Violated The Fair Labor Standards Act of 1938, 29 U.S.C. § 203 (Compl. at ¶¶ 15-56);
>
> Claim 2. Defendant's Failure to Pay Plaintiff Overtime Violated the Virginia Overtime Wage Act, effective July 1, 2021 (Compl. at ¶¶ 57-65).

Plaintiff requests that the Court consider claims reaching back within three years of the filing of this Complaint, and triple damages under VOWA applicable from July 1, 2021 through February 28, 2022. *Id.* at ¶ 56. Plaintiff requests double, liquidated damages for unpaid overtime under the FLSA and double and triple damages under VOWA. Compl. at 8. Plaintiff further requests interest, expert witness fees, and reasonable attorney's fees under FLSA and VOWA. *Id.*

On August 16, 2022, Defendant moved to dismiss Plaintiff's claims for triple damages under VOWA, damages under the FLSA and VOWA before April 29, 2020, which are outside of the applicable two-year statute of limitations, and request for expert fees, pursuant to Federal Rules of Civil Procedure 12(b)(6). Mot. Dismiss; Def. Mem. Supp. Defendant further requests costs,

expenses, and reasonable attorneys' fees. *Id.* at 10. Plaintiff responded on August 24, 2022, *see* Pl. Mem. Opp'n. Defendant replied on August 30, 2022. Def. Reply.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between

possibility and plausibility of entitlement to relief." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that, "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 132 (2012) (cleaned up).

### III. DISCUSSION

Plaintiff waives her request for application of the three-year statute of limitations and withdraws her request for expert witness fees. Pl. Mem. Opp'n. at 2. Thus, the only remaining issue is whether Plaintiff is entitled to pursue treble damages under VOWA. Plaintiff argues that changes to VOWA are not retroactive, leaving open her ability to request treble damages for the relevant time period. Pl. Mem. Opp'n. Defendant argues that VOWA as amended only allows Plaintiff to recover damages available under FLSA, which does not permit triple damages. Def. Mem. Supp. Further, Defendant argues that the amendments to VOWA are procedural in nature and therefore retroactive which forecloses Plaintiff's ability to pursue treble damages. *Id.* The Court finds that the changes to VOWA are procedural in nature and foreclose Plaintiff's ability to seek treble damages.

### A. Treble Damages Under the Virginia Overtime Wage Act

In the Commonwealth of Virginia, a change to a statute is generally considered prospective, unless the statute contains explicit terms demonstrating its retroactive effect, or the statute's amended terms affect remedial or procedural rights rather than substantive or vested rights. *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021). Matters of procedure may be altered, curtailed, or repealed at the will of the legislature. *Phipps v. Sutherland*, 201 Va. 448, 452 (1959);

6

*Duffy v. Hartsock*, 187 Va. 406, 416 (1948). In *Shiflet v. Eller*, the Supreme Court of Virginia articulated the distinction between substantive provisions of law, which cannot be applied retroactively, and procedural or remedial statutes, which may be applied retroactively. 228 Va. 115 (1984). In *Shiflet*, the Supreme Court of Virginia stated that substantive rights encompass statutes which create duties, rights, or obligations. *Id.* In contrast, "procedural or remedial" statutes set forth the methods of obtaining redress or enforcement of rights. *Id.* Hence, statutes relating to remedies or modes of procedure, which operate in furtherance of already existing rights, are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing otherwise. *Walke v. Dallas, Inc.*, 209 Va. 32, 35 (1968) (citing 50 Am.Jur., Statutes, s 482, p. 505). For VOWA to apply retroactively it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights. *Buenson Division v. McCauley*, 221 Va. 430, 432 (1980); *Allen v. Mottley Construction Co.*, 160 Va. 875, 889 (1933). See e.g., *Harris v. DiMattina*, 250 Va. 306 (1995) (repeal of medical malpractice tolling statute, former §§ 8.01–581.2 and 8.01–581.9); *Duffy v. Hartsock*, 187 Va. 406, 417 (1948); *Phipps v. Sutherland*, 201 Va. 448, 452 (1959); *Paul v. Paul*, 214 Va. 651, 653 (1974).

Further, both the Supreme Court of Virginia and the Court of Appeals of Virginia have applied procedural amendments to statutes retroactively when the language "evidenced retrospective intent." *Cohen*, 12 Va. App. at 707 (citing *Buenson*, 221 Va. at 432). Specifically, when amended language in the statute does not "confine[] its operations to either past or future awards [under the statute], but both are included." *Id.* The use of broad, "all-inclusive" language shows a retrospective intent for the retroactive application of procedural and remedial changes that do not impede on substantive rights. *Id.*[1]

---

[1] Plaintiff argues that Defendant maintains the change in legislation "wiped out the cause of action that was available for the year when the statute existed." Pl. Mem. Opp'n, at 3. However, that is a mischaracterization of the

Here, the current version of VOWA incorporates the procedural and remedial aspects of FLSA and does not alter the substantive right to bring a claim for unpaid overtime in state court. The previous iteration of VOWA was effective between July 1, 2021 and June 30, 2022, stating in relevant part: "Any employer that violates the overtime wage requirements of this section shall be liable to the employee for all remedies, damages, or other relief available in an action brought under subsection J of § 40.1-29." Va. Code § 40.1-29.2(B) (effective July 1, 2021 to June 30, 2022). Subsection J allowed for an award of "triple the amount of wages due" if the court found that the employer knowingly failed to pay wages to an employee in "accordance with this section or § 40.1-29.2." Va. Code § 40.1-29(J) (effective July 1, 2021 to June 30, 2022).

The current version of VOWA became effective July 1, 2022 and states that any employer that violates the overtime pay requirements of the FLSA "shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29." Va. Code § 40.1-29.2 (effective July 1, 2022). Subsection J still allows for an award of "triple the amount of wages due" however only if the court finds that the employer knowingly failed to pay wages to an employee in "accordance with *this* section." Va. Code § 40.1-29(J) (effective July 1, 2022) (emphasis added). In the revisions, the General Assembly omitted the fact that triple damages could apply to Va. Code § 40.1-29.2. *Id.*

The procedure outlined in subsection J of § 40.1-29 applies retroactively because it does not affect substantive rights, only procedure and remedy. The Virginia General Assembly amended

---

argument. Defendant argued that changes to VOWA did not "wipe out" the cause of action, but rather change the proceedings through which the cause of action could be effectuated. *See,* Def. Mem. Supp. As Plaintiff stated in their reply, "[n]o new act of the General Assembly shall be construed to repeal a former law...except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings." Va. Code § 1-239; Pl. Mem. Opp'n, at 4.

VOWA allowing for Plaintiffs to seek "other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29" and triple damages are no longer available under subsection J of the statute. Va. Code § 40.1-29(J) (effective July 1, 2022). Now, only remedies available under FLSA are available to Plaintiff.

Further, the amendments to VOWA consist of all-inclusive language evidenced of retrospective intent as it applies to "[a]ny employer that violates the overtime pay requirements" of FLSA shall be liable to the employee for the applicable remedies available under FLSA in "an action brought pursuant to the process in subsection J of § 40.1-29." Va. Code § 40.1-29.2. The General Assembly's amended language is inclusive and applies to any employers and actions brought pursuant to the process in § 40.1-29(J) which does not allow treble damages. Therefore, the Plaintiff did not state a claim upon which relief can be granted because the relief can no longer legally be granted.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Partial Motion to Dismiss is **GRANTED in part and MOOT in part**. Defendant's Partial Motion to Dismiss is **MOOT** as to the application of the three-year statute of limitations and the request for expert witness costs. Defendant's Partial Motion to Dismiss is **GRANTED with prejudice** as to treble damages pursuant to VOWA.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
November 2, 2022

Raymond A. Jackson
United States District Judge

9