IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GWENDOLYN MEHARG,**

    **Plaintiff,**

**v.**                             Civil Action No. 4:22-cv-51

**YORK OPERATIONS, LLC**
**d/b/a Harmony on the Peninsula,**

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is the Partial Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Motion") filed by Gwendolyn Meharg ("Plaintiff"). Pl. Mot. J. Pleadings, ECF No. 14 ("12(c) Mot."); Pl. Mem. Supp. Mot. J. Pleadings, ECF No. 15 ("Pl. Mem. Supp."). York Operations, LLC doing business as Harmony on the Peninsula ("Defendant" or "Harmony") responded in opposition. Def. Resp. Opp'n, ECF No. 17 ("Resp. Opp."). Plaintiff replied. Pl. Reply to Def. Resp. Opp'n, ECF No. 18 ("Pl.'s Reply"). Upon review, the Court finds that a hearing on this Motion is not necessary. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Plaintiff's 12(c) Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

On April 29, 2022, Plaintiff filed a Complaint against Defendant alleging violations of the Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, ("FLSA") and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"). Compl., ECF No. 1. Plaintiff, at all times relevant to the Complaint, was an individual and resident of Yorktown, Virginia, and an employee of Defendant. *Id.* at ¶¶ 3-4, 7. Defendant operates nursing homes and assisted living facilities with its principal office located in Roanoke, Virginia. *Id.* at ¶¶ 8, 10. Plaintiff began working for Defendant on

September 29, 2019. *Id.* at ¶ 4. In April 2020, Plaintiff began a job in the sales and marketing office of Defendant. *Id.* at ¶ 5. In October 2020, Plaintiff received the title of Director of Sales and Marketing at Defendant. *Id.* at ¶ 6.

Plaintiff alleges Defendant did not permit Plaintiff to exercise discretion or independent judgment regarding matters of significance. *Id.* at ¶ 17. Plaintiff did not have the authority to commit Defendant to any matters with a significant financial impact. *Id.* at ¶ 18. Plaintiff did not engage with management or the general business operations of Defendant. *Id.* at ¶ 20.

Plaintiff's alleged workload included meeting with prospective residents, first through e-mails and calls, and then in person. *Id.* at ¶ 21. Plaintiff followed a set script provided by Defendant when she met with prospective residents and their families. *Id.* at ¶ 34. Plaintiff conducted tours of the premises for prospective residents and reported any needs for unoccupied apartments. *Id.* at ¶ 22. Further, Plaintiff met with people through referrals. *Id.* at ¶ 38. During these meetings, Plaintiff used the same presentation. *Id.* at ¶ 39. Plaintiff could not customize the presentation. *Id.* at ¶ 46. If prospective residents or their families had questions, Plaintiff referred them to the appropriate contact at the facility. *Id.* at ¶ 40. Defendant prohibited Plaintiff from responding to questions from prospective residents regarding questions about diets, level of care, and activities. *Id.* at ¶¶ 41-43. For routine questions, Plaintiff discussed responses with her supervisor and other Directors in advance. *Id.* at ¶ 47. Plaintiff's superiors provided her with the cost of an apartment and the Director of Nursing provided Plaintiff with the cost of care. *Id.* at ¶ 44. Plaintiff did not assess the level of care a resident would receive or assign activities for a resident. *Id.* at ¶ 45. Plaintiff was not able to negotiate the apartment rent. *Id.* at ¶ 25.

Plaintiff filed the instant action in the Eastern District of Virginia on April 29, 2022. Compl. On August 16, 2022, Defendant answered the Complaint. Answer, ECF No. 9 ("Answer").

In the Answer, Defendant alleged that "Plaintiff was expected to exercise discretion and independent judgment as to matters of significance on a daily basis, but she did not do so and, consequently, suffered a termination of employment for failure to perform the essential duties and responsibilities attendant to her Director level position." *Id.* ¶ 17. Plaintiff failed to locate, research or qualify prospects as she was expected to do. *Id.* ¶ 37. Defendant alleges that Plaintiff met with the leads she generated, as well as leads she was referred, although she failed to close these leads effectively. *Id.* ¶ 38 Defendant further asserts that Plaintiff should have tailored her marketing presentation to each prospect based on his/her particular circumstances, wants, and needs, as tailored marketing intended to appeal to each prospect individually is the essence of sales and marketing. *Id.* ¶ 39 The use of a standard presentation with no deviation underscores why Plaintiff failed to perform the essential duties and responsibilities attendant to her Director level position. *Id.* Lastly, Defendant alleges that Plaintiff was charged with answering the questions of all prospective residents. *Id.* ¶ 40. If she did not know an answer to a question, or the question was beyond her level of expertise in that subject matter, Plaintiff was expected to obtain an informative response or direct the prospective resident to the appropriate personnel. *Id.*

On October 27, 2022, Plaintiff filed the instant Motion. 12(c) Mot.; Pl. Mem. Supp. Defendant responded in opposition. Resp. Opp. Plaintiff replied. Pl.'s Reply.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed, but within such time as not to delay trial, a party may move for a judgment on the pleadings." A motion for judgment on the pleadings is appropriate when all material facts are admitted and only questions of law remain. *Republic Insurance Co. v. Culbertson*, 717 F.Supp. 415, 418 (E.D.Va.1989). A court applies the same standard for a motion for judgment on the pleadings as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th

3

Cir.1999). Under this standard, courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In making this determination, the Court considers the complaint, the answer, and any written instruments attached to those filings. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

When a plaintiff moves for judgment on the pleadings, the motion will be granted if, on the uncontested facts alleged in the complaint and assuming all material allegations of fact in the answer as true, the plaintiff is entitled to judgment as a matter of law. *Greensill Capital (UK) Ltd.*, 2018 WL 1937063 *1, at *2 (E.D. Va. Apr. 24, 2018) (citations omitted). "In other words, if a defendant's answer admits, alleges, or fails to deny facts, which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." *Mitsui Rail Cap., LLC v. Detroit Connecting R.R. Co.*, 2014 WL 3529214, at *2 (E.D. Mich. July 16, 2021).

### III. DISCUSSION

Plaintiff's 12(c) Motion challenges the adequacy of Defendant's Answer in asserting any responses or defenses to whether Plaintiff was an exempt employee. Pl. Mem. Supp. Plaintiff argues that she is entitled to judgment because Defendant's Answer simply provides justifications for terminating Plaintiff yet neither admits nor denies facts that support characterizing Plaintiff as an exempt employee. *Id.* Defendant opposes Plaintiff's Motion, arguing that Plaintiff misunderstands the Answer. Resp. Opp. Defendant further argues that Plaintiff's allegations ignore precedent from this circuit and others. *Id.*

Judgment on the pleadings is warranted when there is no genuine dispute of material facts, and the moving party is entitled to judgment as a matter of law. *Penn-Am. Ins. Co. v. White Pines, Inc.*, 476

4

F. Supp. 3d 354, 360 (E.D. Va. 2020). Plaintiff argues that she has been misclassified as an exempt employee because she was not able to exercise of discretion and independent judgment with respect to matters of significance. *See generally* Compl.; Pl. Mem. Supp. Pursuant to the FLSA, "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Brown v. Serenity C & C, Inc.*, 391 F. Supp. 3d 546 (E.D. Va. 2019) (quoting 29 U.S.C. § 207(a)(1)). However, Congress has indicated that employees "employed in a bona fide executive, administrative, or professional capacity" are exempt from the overtime requirements of the FLSA. *Id.*

The issue here is whether Plaintiff qualifies as an exempt employee under the administrative exemption. According to Department of Labor ("DOL") regulations implemented pursuant to the authority granted by Congress, an administrative employee exempt from overtime requirements is, among other factors, one whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The DOL has further explained that "[i]n general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Brown v. Serenity C & C, Inc.*, 391 F. Supp. 3d 546, 560 (E.D. Va. 2019) (quoting 29 C.F.R. § 541.202(a)). Further, while "the exercise of discretion and independent judgment implies that the employee has authority to make an independent choice," employees may still "exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level." 29 C.F.R. § 541.202(c). This is a fact intensive inquiry.

The Court finds that Plaintiff clearly misinterprets Defendant's Answer. The Court finds that Defendant's Answer sufficiently denies Plaintiff's essential allegations. In her Complaint, Plaintiff asserts Defendant did not permit Plaintiff to exercise discretion and independent judgment regarding

5

matters of significance. Compl. ¶ 17. For example, she did not locate, research or qualify prospects, only met with people to whom she was referred, used the same presentation in meetings, and could not answer questions from families. *Id.* ¶¶ 37- 40. In their answer, Defendant explicitly denied all of the aforementioned allegations and provided generalized assertions. *See* Answer, ¶¶ 37- 40. Importantly, Defendant asserts that Plaintiff was expected to exercise discretion and independent judgment as to matters of significance on a daily basis and these were essential duties and responsibilities for her position. *Id.* ¶ 17. Defendant asserts that generating leads, tailoring presentations, and answering questions from prospective residents were essential duties and responsibilities attendant to her Director level position. *Id.* ¶¶ 37-40.

Therefore, since Defendant clearly denies Plaintiff's allegations and asserts that Plaintiff failed to perform essential aspects of her job, which included exercise of discretion and independent judgment, Plaintiff is not entitled to judgment as a matter of law. Defendant's Answer creates genuine disputes of material fact regarding whether Plaintiff was classified properly as an exempt employee. All material facts alleged in the Complaint are contested by Defendant therefore Plaintiff is not entitled to judgment as a matter of law. *Greensill Capital (UK) Ltd.*, 2018 WL 1937063 *1, at *2 (E.D. Va. Apr. 24, 2018) (citations omitted).

## IV. CONCLUSION

For the above reasons, Plaintiff's Partial Motion for Judgment on the Pleadings, ECF No. 14, is **DENIED** on the issue of whether Plaintiff was an exempt or non-exempt employee. Defendant's request for attorney's fees is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Newport News, Virginia
May 15 , 2023

Raymond A. Jackson
United States District Judge